UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID BURNS,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>RUSSELL, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 3:21-cv-00493-MMD-WGC<br><br>ORDER |

This is a closed habeas corpus action under 28 U.S.C. § 2254. The Court dismissed this action without prejudice to commencing a *new action* because Petitioner David Burns did not pay the filing fee, nor did he file an application to proceed *in forma pauperis*. (ECF No. 3.) The Court also noted that its preliminary calculations of time indicated that Burns would have no difficulties with the one-year time limit of 28 U.S.C. § 2244(d)(1) if he promptly commenced a *new action*. (*Id.*) The Court sent Burns forms for an application to proceed *in forma pauperis* and for a petition for a writ of habeas corpus.

Instead of following the Court's instructions, Burns has sent a notice regarding the filing fee and another petition for a writ of habeas corpus. (ECF No. 5, 6.) The Court construes the notice as a request for reconsideration. Burns states that he has no money in his pocket, that on December 2, 2021, he submitted a "brass slip" asking the Nevada Department of Corrections to send $5.00 from his account to the Court, and that on January 6, 2022, he has submitted another "brass slip" request to pay the filing fee.

Burns must follow the Court's instructions. First, the Court told Burns he must commence a new action, not to keep filing documents in this action. Burns has plenty of time remaining to file properly a habeas corpus petition, which could be wasted if he continues to file documents in this now closed case. Second, the Court does not expect Burns to have cash on his person or in his belongings. It is the Court's understanding that

possession of cash is a violation of the prison's rules. Third, while inmate accounting might be slow in processing Burns' request to send the filing fee to the Court, it also is possible that Burns has no money in his account. For the court to determine which is true, Burns must file an application to proceed *in forma pauperis* with a copy of his inmate account statement and a financial certificate signed by an inmate accounting officer.

In short, Burns must send to the court a complete application to proceed in forma pauperis and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, with the case-number lines blank so the clerk can assign a new case number.

It therefore is ordered that Burns' notice (ECF No. 5), which the Court construes as a request for reconsideration, is denied.

DATED THIS 12th Day of January 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE